Good morning, Your Honor. May it please the Court, my name is Jennifer Wellman. I represented Sung Ho Kim in the proceedings below. I too would like to reserve two minutes for rebuttal and hopefully make two points this morning. The first is denying early termination absent a showing of change of circumstance runs afoul of the plain language of the statute as well as the legal standard for early termination motions. Second, the record as a whole does not explain what the District Court would have done had it applied the relevant factors to the proper legal standard. We're asking the Court to remand so that the Court could do so. How much time is left at this point? Pardon me, Your Honor? How much time is left at this point of your supervisory release? He has approximately four months remaining on his term of supervision. The full term expires in April. What was the length of the original term? The length of the original term was five years, and we filed the motion after he had successfully rehabilitated in the community for approximately four years. A portion of that time was when he was early released from his incarceration. I'm assuming he didn't object to the length of the term when the judge originally set it, nor did he file an appeal saying that the length of the term of supervised release was unreasonable? Your Honor, I represented him at sentencing. I did not object to the length of the term of supervision because in my experience, when there's a restitution order in particular, unless the Probation Department is unreasonable in its assessment of the facts and the term recommended, we defer to the court in that regard. What we know now, though, and at that time, we don't know what the future holds. What we know now, though, is that he has been consistently paying towards that restitution for the past four years, including when he was incarcerated. That's still quite a bit in arrears, though, right? Doesn't he owe $270,000 on the original restitution judgment? He does still owe restitution, Your Honor, but the judiciary policy says that that is not a barrier to a motion for early termination. In fact, it says that these should be encouraged after 18 months, and if restitution is owing and the person has paid consistently for the last 12 months, then that's a good fact. That's not something that should go against the motion itself. I guess I'm a little confused about that, because if it is a putative justification for the length of the supervised release term in the first instance, and you mentioned that you didn't object because you knew he had substantial restitution to pay and that, at least going forward, five years seemed like a reasonable time to let him get that paid. He doesn't have it paid. He still owes a substantial amount, and yet he claims that it was somehow unfair, unreasonable for the district judge to say, I'm not terminating supervised release yet, the restitution hasn't been fulfilled? I think I understand Your Honor's question. I think that misstates what we're arguing. What we're arguing is that if the district court judge had applied the facts that had been raised, the non-frivolous facts and arguments that had been raised related to the proper legal argument, perhaps Your Honor's assessment is correct, but we don't know from this record whether the court balanced that fact under the proper legal standard. The judge mentioned it, didn't he, in the denial? It was a reasoned denial, and he mentioned the fact that restitution had not been, there was a substantial amount of restitution outstanding. He did mention it, but he mentions it in the context of the standard that was really urged by the district court, I mean, I'm sorry, the government, in their pleadings below, and I'd urge Your Honor to look at ER 15 through 16. So it has meant the judge at ER 4 says specifically that Kim has complied but has not demonstrated exceptionally good behavior that would warrant early termination. And then that's where he mentions the restitution payments in terms of substantiating that conclusion or in terms of that standard. And next he says that Kim also has not demonstrated a change of circumstances that would warrant early termination. And again, in assessing whether or not there was an undue hardship in requiring continued supervision, he mentions the restitution payment. The government cites the Oak decision with respect to this decision, but nothing in the Oak decision stands for the notion that restitution without more, if you haven't applied the right standard, is sufficient. And I think in Oak, the motion itself, before the district court, was that when I looked up the case, was actually based on an argument that the loss figure was incorrect. And so that was what was before the court when it looked and said, and it applied the proper legal standard, and under the proper legal standard, the facts warranted or did not warrant a finding that he had abused his discretion. Different from there, here, over the government's argument that 3583E gives the statutory authority to grant early termination, but that it is very limited, it should be the exception, not the rule, and then immediately thereafter gave this block quote from Miller, which is really from Lucher, with respect to change of circumstances. And what this court has made clear in both Emmett and Bainbridge is that if a district court applied a rule that said it's essential that a person like Mr. Kim has to show a change in circumstance to warrant relief, that that is an abuse of discretion. A change of circumstance can be a factor, but it's not a prerequisite. And yet the government, in its briefing, made that argument. And again, I urge your honors to look at ER 15 through 16. They make that, they say the statute itself gives the authority, but it's the exception, not the rule, and then they quote Miller, and then they apply all of the facts that we had raised, although they do not dispute all of the facts that are in favor of early termination, and say that it should not be granted in this case. I'm not asking your honors to assume from silence that the district court applied the wrong standard. My point in telling you about the government's brief is that I think it clarifies exactly what was encouraged. And without very much elaboration, the court adopted the standard adopted by the government. And in fact, in its answering brief, the government actually says the standard, it describes it as the standard, I think it's at page 16. And again, the quote that I, in answer to your honors question, is at ER 4, he specifically says it's not warranted because there's no proof of change in circumstance. The statute is the authority, but it's also the legal standard. The standard is whether or not the court has warranted relief. And as the judiciary policy points out, there's a presumption of early termination after 18 months. We do not, as suggested by the government, say that that confers an entitlement or a right, but it is one of the non-frivolous arguments that were raised before the district court that are not addressed in his honors order. Our second ground for relief is that the explanation itself does not address those relevant factors to the legal standard. And in that sense, it's an insufficient explanation that warrants remand. The duty to explain, I believe the parties are in agreement, the duty to explain our decisions extends. I'm looking at the guide to judicial policy. I'm looking at this presumption in favor of recommending. Where does that come from? Where does it come from? Your honor, I would defer to your honor. I would think Congress and the sentencing commission and a panel, but that would be that would be much stronger evidence than it would be from a guide to judicial policy. I'm not sure I understand your honor's question. Well, if Congress has said something about a presumption of 18 months, that that might be much more powerful. Or maybe even the sentencing commission had said something. This is in our guide to judicial policy. I'm trying to figure out where this comes from. The presumption in favor of recommending early termination. And you want to cite the policy to the district court judge and say, you've got to come up with some good reasons. Otherwise, you have to let my client out after 18 months. If I'm understanding your honor's question, I think how you phrased it makes it sound like I'm saying that the policy gave an entitlement to relief. I'm not. No, I understand. But I'm trying to figure out where the presumption comes from. I'm not sure where they came up with that language. I think there has been a push. I think it's reflected in the article we gave to the district court judge. There's been a push to. Does this come from probation, maybe? There is a probation guide that also supports this. That in terms of wasting judicial resources. But those aren't binding on the district court. No, but under 3583, it incorporates 3553A factors that say policies can be taken into consideration. And I think this court's decisions that embrace the Miller idea as a factor as opposed to the standards say that the courts enjoy great discretion and can address any number of factors. However, they cannot, including policies, but they cannot ignore non-frivolous arguments and they cannot apply the wrong legal standard. I see my time has run. I had asked first. Yeah, let's hear from the government, but we'll give you a chance to respond. Thank you, your honor. I appreciate it. Good morning. Marie Dalton for the United States. May it please the court. The district court properly exercised its broad discretion in denying the defendant's motion for early termination of supervised release. It identified and it applied the correct legal standard and it neither said that undue hardship nor extraordinary conduct were prerequisites to the defendant obtaining this form of discretionary relief. Instead, the court looked at the particular facts and circumstances of this defendant, including the fact that restitution was outstanding and that the probation in this case was narrowly tailored to address this defendant's financial risks and the need to maintain that restitution payment. And in doing so, did not abuse its discretion in denying the defendant's motion. I want to start with restitution here. As the court said in Oak in 3583E, a judge who is determining whether to grant a defendant's motion for early termination of supervised release is required to look at whether restitution is owing to a victim. In this case, there was more than $270,000 of restitution still outstanding and owed to those victims. And I think in this case, this defendant poses some interesting risks in non-repayment of that restitution that the judge was particularly concerned about. If you look at the PSR, which was attached to the defendant's opening motion, its motion to terminate supervision early, the PSR specifically identifies, the defendant said to this judge at sentencing, the reason why I committed these longstanding and repeated financial frauds was because I could not keep control of my personal finances. I incurred substantial credit debt and because of that, I had to steal the identities of my client, open credit lines in their names in order to pay off that debt. The judge recognized that risk at sentencing and in doing so, crafted a judgment that included several special conditions of supervision. All of those conditions relate to the financial risks that this defendant posed. They said things like, you can only have one bank account. You have to deposit your check into that bank account and all expenses out of that bank account and your probation officer has to look at that bank account and make sure you are balancing your budget. It also said things like you have to pay 10% of your income towards restitution. So faced with that, when this defendant came out of incarceration and went on to supervision, the probation office in this case narrowly tailored supervision to address those particular risks posed by this particular defendant that the judge recognized and said, okay, as part of your supervision, you need to meet with your probation officer every 90 days. Every 30 days, you need to submit a report to your probation officer showing how you are essentially keeping your finances and complying with those special conditions that address this financial risk. And so this particular defendant's probation was very narrowly tailored to address those kinds of concerns. And we pointed all of these things out in our opposition to the defendant's motion for early termination of supervised release. We showed those risks and we said to the court, this supervision is important because the defendant needs the structure and accountability to continue to pay the restitution that this court imposed that it should have to pay. And so in this context, the defendant did not meet their burden of showing either that their conduct was sufficient to warrant early termination of supervised release, or alternatively, that the interests of justice were sufficient to warrant early termination of supervised release. And the court did not abuse its discretion. What could a defendant in the position of Mr. Kim have done to show that he warranted early termination? I mean, he did everything he was supposed to do. What else can he do? That's right. Well, the statute provides that a court needs to take an individualized assessment of a particular defendant. Look at the 3553A factors, look at the defendant's conduct in the interest of justice, and then make a decision based upon those factors. You know, I understand all that, but I ask you a different question. What could Mr. Kim have done other than what he did do to show that he warranted early termination? I think in looking at all those factors, the court has to make an individualized determination based upon each person, and this particular person. You're back to generalizations. Is there anything Mr. Kim could have done that would have made his case for early termination better? Yes, Your Honor, there was. What would that have been? So I think in this particular context, Mr. Kim could have addressed some of these concerns that the judge was particularly interested in when it imposed its sentence. So, for instance, Mr. Kim could have gone above and beyond what was required by his probation officer, taking courses, for instance, on how to maintain his own budget, pay more than the restitution that he was obliged to pay every month. He could have done things like we see in many sentencing arguments. We have these kinds of arguments presented before us where a person comes forward and says, my particular defendant is extraordinary. They have professional skills. They're connected to their community. They've done more in the time, you know, before incarceration to try to give back and make a difference. And so I think the same kinds of arguments that judges are presented with at sentencing to say why someone should not receive or should receive a below-guideline sentence are equally applicable in this context. What happens to the restitution that's not paid at the point supervised release terminates? At that point in time, we have essentially the civil remedies that are at our disposal in the U.S. Attorney's Office. So what does that mean? Do we have a restitution judgment for the balance? That's right. So what we would have, we'd have to pursue alternative remedies to go ahead and seek that full restitution. The restitution would still be owing. You'd have things to seek the restitution like you could seek a lien if the defendant, for instance, had property. You could seek garnishment of a bank account, for instance, if the defendant had money into a bank account. There's nothing that is comparable to what he is currently doing with his probation officer now. Right now, his probation officer effectively works as a financial planner, sits down with the defendant, maps out his budget, and helps him make sure that he can pay 10 percent each and every month towards that payment. The end of supervision, he no longer has that obligation to pay that 10 percent, and there's nothing within the civil remedies of the Department of Justice that can essentially replicate what he's currently doing with his probation officer. If there are no further questions, we ask that the Court affirm the District Court's order. Thank you. Thank you. Two minutes, if you want them. Yes, thank you, Your Honor. I would just like to address some of the issues raised by Ms. Dalton. One, I disagree with her comments about there's no equivalent with respect to restitution. I think if there was a representative here from the civil division of her office, they would disagree. They do the financial planning, and so long as my clients continue to make regular payments, they are in compliance, and that is the expectation. Otherwise, they're in contempt. Secondly, with respect to her arguments as to what happened at the sentencing, I think it overstates what happened at the sentencing. The term of supervision was not the focus of the hearing, and in fact, the bulk of the hearing was related to what was the appropriate term of supervision. So it's true, Your Honor, that I did not object to the term imposed, but I also know in this jurisdiction that early termination is a viable option for our clients even when restitution is at stake. This doesn't go directly to the merits, but I'm just curious, even at the time you made the motion, let alone now, I mean, I understand we scheduled arguments and so on, and there was a lot of discussion, but why did he care? Or rather, how onerous was this supervision, and why did he want so much to get out from under it that he's willing to make the motion and now bring an appeal? I just want the practical answer. Practical answer is, as Your Honor knows, that even though it's supervision and it's – we did not argue undue hardship. He's not in – that was nothing that was before the court or disputed. Right, right, which is why I'm asking the practical question. But it's an impact on his fundamental liberty, and it is in some respects a punitive sanction. And he had done his time, and it was – it had been a long time. But let me understand – But it's not like – Let me understand what he's required to do. Ten percent of his income and various forms of supervision, right? Correct. And anything more than that? Well, I think he gets visits by the probation officer regularly in terms of compliance, and he has to still comply with all terms on the judgment. Right. So it's still – you know, Mr. Kim is a wonderful person to represent because it was straightforward. And I will say in that regard, Your Honor, the government below did not dispute any of the facts that we suggested warranted relief. It's only on appeal that they are now saying that this is somehow a weak showing, and even now in her oral allocution that there was more we should have shown. Did he serve his full sentence? Well, he was released early by the Bureau of Prisons. How early? He had 36 months. That's correct, Your Honor. I apologize. I did not do the math, but he was released, I believe – of course, now I can't find it. Probably somewhere between three months and a year, right? It was before – it was somewhere – yes, Your Honor, somewhere around 2013, and he had been paying towards the restitution while in custody, and he resumed once he was at the – Was his sentence within guidelines? Was it below guidelines? No, it was below guidelines, Your Honor, due to the mitigating circumstances related to his background. Although, I will say, I looked yesterday for an SOR, a statement of reasons, and I could not find it in our files. The practice back then was not to share those with us, so I don't have that to share with Your Honors. The third point and last point I'd like to make, Your Honors, is here the district court's order articulates why the facts do not support a finding of undue hardship, which again is something I did not argue below. And the district court's decision also articulates why, in his view, this was not exceptionally good behavior, although I would agree that – I don't know that there's more that any individual could do in terms of zero violations over the course of the last four years. But it fails to state why the district court believed that the absence of these change in circumstances was somehow adequate to reject all the non-frivolous arguments that we did raise. And the order also fails to reflect the relevant 3553 factors, or why they do not weigh in its favor under the proper legal standard. And so in that sense, I think to conclude otherwise, Your Honor has to revise the district court's order in the way that the government has now done in its answering brief. I would ask Your Honor to remand. Thank you for the additional time. Thank you. Thank you. Thank both sides for the argument. United States v. Kim, submitted. The next case this morning, The Depot, Inc. v. Caring for Montanans, Inc.
judges: W. Fletcher, Bybee, Burns